All right. The other is being submitted on the briefs. Please proceed. If it please the Court, I am Robert Baser, appearing for the appellant Chuyon Hong. I request to reserve two minutes for rebuttal time. Would you also please keep your voice up, please? This is another case involving the actions of Officer Suster from the Immigration Service in San Jose. The bad man. We're arguing entirely apart from his bribery scheme that his subsequent actions to take the immigration files, take information from those files, release it to an unauthorized person, his private attorney, and then later on trade it to the government in his plea deal were violations of federal regulations governing the conduct of federal employees. These violations were prejudicial to the protected interests of my client and the privacy of her information, and these violations affected the outcome of the deportation or removal proceedings by giving the government the only evidence it had that she might be removable. Counsel, let me ask you this question. How is an alien's A number non-public information when it's available on public documents, including filings with this court? Well, an immigration file has every type of imaginable information, from your political history to your marital history to the result of blood tests for venereal disease. Any of these things could be a topic that could result in a removal proceeding being brought against you because of your position on one of these issues. You're answering a different question. Answer Judge Nelson's question. Why is the A number not a matter of public notice or knowledge? The A number by itself, because all he did was to keep a list of the A numbers on which he had gotten $10,000 apiece for making the phone and green cards, and he turned over to the government and he says, these are the A numbers which are phone and green cards, the A numbers. He didn't turn over the file itself. He turned over the A number. So tell me, what's wrong with that? The A number is something he extracted from that person's immigration file. And it could be a department of any other person by going to the immigration and saying, does Mr. Wombat have an A number? And they'd tell him the A number. Wouldn't give him the file, but give him the A number, right? Well, that's not correct, Your Honor. It isn't? No. First of all, that argument was not made below. It's only been raised at this level by the government. It was not part of the board's decision. It's a mixed factual and legal argument. What is the agency practice and what is the rule? If it had been raised below, we could have proven that the practice is that they do not give out A numbers to people who ask for them. The rule is very clear. The appendix to my brief is the Department of Justice regulation that says, quote, records are protected from public view. It doesn't say this part of the record is not protected. All of it is protected. Access is only granted to government employees with a need to know. Within the Immigration Service, a more specific rule, Section 103.9 SEC, covers their FOIA release procedures. If you want to get information about an alien's file, you have to get the written consent of the alien, according to those regulations. Including the number of the file? Yes, sir. They are not listed publicly anyplace. They're not available publicly? No. Government records? I could fill this room with immigration attorneys who can tell you that they can't get any information until they get a signed form G-28 on file with the Immigration Service. Including the A number? Yes. Thank you. Now, if Mr. Suster had memorized the A numbers and didn't turn over a list, would it make any difference? Suppose he just gave them the names of the people he'd sold green cards to. Can he do that? I haven't thought that question through. Well, think it through now. It would make a difference, yes, because he would not have released it to his criminal attorney, an unauthorized person, for safekeeping. He would have kept it in his head. The point is he took the information. Look, you're going to go away for a much longer time until you give me the names of the people you sold the green cards to. Now, give me the names because otherwise I don't have anything to deal with with a U.S. attorney, and you're going to go away for the rest of your life. So he says, I don't remember the A numbers, but it was Hong, and it was Chen, and it was Yang, all these people who are involved in these cases. Would that be a due process violation of privacy? No. I don't think so. Then why is the A number? It's a statutory rule that they not be divulged because all alien information cannot be divulged, including the A number. Do you have any cases that say that? This is the first case dealing with that issue. But certainly the regulation provides that all information that's in those files is restricted from public access. If he had memorized the information, he would not have released it to an unauthorized private person, the criminal lawyer. The information— Suppose that the criminal lawyer said, if you don't tell me the names of these people, I don't have anything to bargain with with a U.S. attorney. And he says, okay, it's Hong and Chen, et cetera, et cetera, et cetera. I mean, it may be a violation of the statute, but why is it a due process violation? Why is it a violation of constitutional rights? The violation of a regulation by a federal official in a removal proceeding to gain the evidence that is the basis of the proceeding is an action by the Immigration Service in violation of the procedures set by law. So it may give rise to a 1983 action? You're talking about applying the exclusionary rule to a statutory violation. That's what you're arguing, isn't it? You're saying it's an illegal seizure, and therefore the information should not have been provided to the government, right? It's not a seizure, but it's a violation of the procedure set forth by law, which the Administrative Procedure Act gives this court the authority to stop the government from doing. And you think that rises to the level of a constitutional due process violation? Yes. Do you have a case that says it? In this circuit, there's a ‑‑ I can't pronounce it. Ohorhage v. INS, which came after the Lopez Mendoza Supreme Court decision. Lopez Mendoza said if there's an egregious due process violation, then in that circumstance the court might enforce an exclusionary rule. As a general rule, the exclusionary rule does not apply, but Lopez Mendoza said if it's an extraordinary violation of due process, it might apply. And the Ohorhage case defined that as a bad faith violation by the immigration officer of regulation or constitutional right. In this case, Officer Suster testified on the record, I think page 402, that he was aware that he was violating regulations by trading that government information for his own deal. He was acting in bad faith, and therefore his violation was intentional, and therefore it was a violation of my client's due process under the Ohorhage holding. Would you give me the name again of the case to which you referred a moment ago? You said you couldn't pronounce the name. Yes. It's in the government's brief. I can check it out. O-R-H-O-H-A-G-E versus I-N-S-38-F-3-488. Thank you. Thank you. Thank you very much. Ms. Edison. May it please the Court, Kristen Edison again for the Attorney General. Keep your voice up, ma'am. The record doesn't compel the conclusion that Ms. Hong is not subject to removal. There's ample evidence to support the conclusion that she obtained her status through the Sustere conspiracy. At no point has she ever presented evidence that she was eligible for the LPR status, and the agency did not abuse its discretion in denying the motion to suppress. I'd just like to address, I guess, the issue of whether an A number is nonpublic information. Indeed, aliens have to supply that information on any application, education applications. But they supply it. In other words, I think the position taken by counsel, Mr. Bazer, is that one thing is that the alien comes forward and supplies the information, and the other thing is that a crook such as Sustere gives it to the government. Now, I thought that you had cited 5 CFR 2635.703 that says that the A number appears on a wealth of documents made available to the general public. Now, what wealth of documents made available to the general public does the A number appear on, other than those documents where the alien himself gives the number? Well, Your Honor, I believe that, I mean, for example, the briefs to this court are public documents once they've been filed, and the A numbers are contained therein. I believe even when you look up, I'm not sure whether decisions, when we pull court decisions, whether A numbers appear. Well, the A numbers appear on the briefs and maybe on the documents, but that's hardly a voluntary disclosure by the alien. He's being or she's being deported. And so in defense of the alien, the alien takes a position and files papers and is required that the A number appear. But can you give me any instance of a public document where the service, and pardon me, now it's called USBIS, I guess, where the service makes public the A number? I can't think of anything right now, Your Honor, but, I mean, even if the court were to disagree on this issue, there are certain other requirements still that must be met in order for Ms. Hong to succeed. And, namely, the violation must be done within the scope of official government action. And as Your Honor pointed out in the earlier case, this was an unauthorized criminal act on the part of Mr. Sestare. I mean, that wasn't Mr. Sestare acting in his scope as a DHS employee. And in any event, as pointed out in the brief, at the time that this alleged violation took place, Mr. Sestare was no longer employed by the department. So there are certain other, I mean- Just a second, Ms. Anderson. You say that where otherwise excludable testimony comes to the attention of the government by a criminal act by somebody else, then it's no longer the act of the government that procured it, and therefore it's not excludable under Fourth Amendment law. Okay. But here the government specifically asked for this information. It's a little bit like sending somebody into a house who's not a government agent to go get a document. The government said to Mr. Sestare, if you want to plead guilty and spend less time in jail, give us the names of the persons who are illegally in this country. And the best way to do that, of course, is to give the A numbers, right? So why isn't that a procurement by the government of an illegal search and seizure? In other words, a violation of privacy. Now, you may be saying that this is a civil proceeding, exclusionary act, the law doesn't apply, right? Right, Your Honor. And that's set forth pretty clearly in that Lopez Mendoza case. But there is an exception, of course, where it would violate fundamental fairness. I mean, that's set in Lopez Mendoza. And undermine her due process rights. And you're saying this is not such a case? Well, and also, as pointed out in the brief, those regulations were never intended to create enforceable rights on the part of the alien. So, no, Your Honor, I don't think. The regulations saying the information is confidential is not meant to create enforceable rights on behalf of the alien. On behalf of whom is it to create rights? I think, Your Honor, that the regulation is rather governing conduct by officials. And 5 CFR 2635.106C states that a violation of this part or of supplemental agency regulations does not create any right or benefit, substantive or procedural, enforceable at law by any person against the United States, its agencies, its officers, employees. All right. How can we find, assuming that Sester did violate the regulation, how can we find Hong was not prejudiced when she went from enjoying permanent resident status to being eligible for removal? What is your response to that? Well, it was Ms. Hong's burden to demonstrate that she had been lawfully admitted for permanent residence. And she certainly hasn't demonstrated that. And to the contrary, the record contains ample, ample evidence that showed that she only conferred her status through the fraudulent scheme. Are you saying she had no protected interest in keeping secret her unlawfully obtained status? Is that what you're saying? Well, that she just hasn't. It's the government's burden to prove that Ms. Hong was subject to removal, and it has done that. And it was her burden to demonstrate that she was entitled to the status. And she just hasn't done that. Does the Court have any further questions? I don't. Thank you. Okay. Then the government. Mr. Bazer, do you wish to thank the rebuttal? Unless the Court has a question. Well, I think the position of the government is that the regulations regarding the privacy of this material are specifically stated as not for the benefit of the alien and not creating any rights in the alien, and simply matters of regulation within the agency. If no right of the alien is created and if the general exclusionary rule doesn't apply, what fundamental right has been violated here which would invoke Lopez Mendoza? Well, the regulation does state that, but the regulation does not supersede the Administrative Procedure Act, which requires that the government act in accord with the law. So maybe my client wouldn't have a right to sue the government over that violation, but by the same, the converse of that is the government can't take advantage of their violation to bring an action against my client because she's protected by the Administrative Procedure Act and the due processes. It was a violation by the government to accept the information from Mr. Sestero that he was committing crimes for these persons. That's right. That's a new one. Okay, thank you very much. All right, that was the last case on the calendar, and we are about to adjourn for the day and for the week. But before we do that, I take notice of the calendar. Today is December 7, 2007. It's the anniversary of what President Roosevelt quite properly called the dastardly attack on our city of Hawaii, where thousands lost their lives, and which started a war in which hundreds of thousands of our best people lost their lives. And I would like to adjourn in memory of those valiant and brave people who gave their lives so that we would be able to enjoy the liberties which we enjoy today and in this courtroom. Thank you very much. We're adjourned.
judges: Nelson, Bea, Oberdorfer